UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAMADOU D. DIAGNE,

                    Plaintiff,

          -against-

HAPAG LLOYD'S AG ATLANTA,

                    Defendant.

1:24-CV-9696 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Mamadou D. Diagne, of Atlanta, Georgia, filed this action *pro se*. He sues what appears to be Hapag-Lloyd (Atlanta), a division of Hapag-Lloyd, a global shipping company. Plaintiff's claims against the defendant arise from the defendant's alleged failure to deliver to Plaintiff, in Atlanta, a shipping container full of goods that Plaintiff's corporation arranged with the defendant to have shipped from Dakar, Senegal, to Savannah, Georgia, and then to have transported, by rail, to Atlanta. Plaintiff alleges that, after the container's arrival in Atlanta, the defendant sold the shipping container and its contents at auction. Plaintiff appears to seek damages, specifically, the $250,000 that he and/or his corporation allegedly invested in the purchase of the shipping container and its contents.

By Order dated February 25, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reason discussed below, the Court dismisses this action, but grants Plaintiff 30 days' leave to replead his claims in an amended complaint, as specified below.

---

[1] Because Plaintiff's IFP application reveals the full names of Plaintiff's minor children, the Court has directed the Clerk of Court to restrict electronic access to that document. *See* Fed. R. Civ. P. 5.2(a)(3) (requiring court submissions that refer to minor children to refer to the children using only their names' initials).

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

**BACKGROUND**

Plaintiff's complaint consists of: (1) an answer form; (2) copies of an email Plaintiff sent to the defendant's Chief Executive Officer; (3) excerpts of submissions filed in Georgia state court litigation in which Plaintiff and his corporation, Keur Hadim Los Angeles, Inc. ("Keur Hadim") were plaintiffs, and that was brought against the defendant and other entities; (4) a copy of an "arrival notice" issued by the defendant that seems to be about the abovementioned shipping container; (5) an incomplete notice of a lawsuit and request to waive service of a summons form; (6) an incomplete notice of appearance; and (7) a civil cover sheet. (ECF 1, at 1-32.)

The following facts are drawn from those documents, all of which constitute the complaint commencing this action[2]: Plaintiff is the sole owner and operator of Keur Hadim. He

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the complaint unless noted otherwise.

and/or Keur Hadim purchased a shipping container full of goods for approximately $250,000. While it is unclear where the shipping container and goods were purchased by Plaintiff and/or Keur Hadim, it appears that Keur Hadim entered into a contract with the defendant to ship the container and its contents from Dakar, Senegal, to Savannah, Georgia, and then to arrange for its transport, by rail, to Atlanta, Georgia, where Plaintiff would organize the container's retrieval by a truck driver. It also appears that the contract included a forum-selection clause restricting any suit arising from the shipment of that container to a competent court located in Hamburg, Germany.

Plaintiff states that the value of the shipping container and its contents is $250,000, and that he paid the defendant $4,400 to have it shipped. After the container arrived in Savannah, and after it had "cleared . . [c]ustoms" on September 30, 2021 (ECF 1, at 4), and was subsequently delivered, by rail, to Atlanta, the defendant "mishandle[d] the paperwork[]" and then asked Plaintiff to pay an additional $1,709 "to be able to pick up [the] container [that was] already in Atlanta" (*id.* at 1). Plaintiff paid the additional amount and arranged for a truck driver to retrieve the container in Atlanta. The container was, however, held in storage for three days and was thereafter sold by the defendant at an auction.

## DISCUSSION

Because it appears that the dispute that is the basis for this action is between Keur Hadim and the defendant (arising from the defendant's alleged failure to deliver the shipping container, as agreed via a contract between Keur Hadim and the defendant, as well as arising from the defendant's alleged auction sale of it), it seems that Plaintiff is asserting claims *pro se* on behalf

3

of Keur Hadim.[3] To the extent that he is suing on behalf of the corporation, the Court must dismiss this action.

The statute governing appearances in federal court, 28 U.S.C. § 1654, "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself.'" *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (quoting *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)). A nonlawyer cannot bring suit on behalf of another entity, including a corporation. *See United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998). While "some courts allow sole proprietorships to proceed *pro se* [because] a sole proprietorship has no legal existence apart from its owner," *Lattanzio*, 481 F.3d at 140 (citation omitted), courts generally do not allow corporations, partnerships, associations, and other artificial entities to appear in court without an attorney, *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202-03 (1993).

---

[3] The Court understands that this is so from the following: (1) in the complaint, Plaintiff has attached a copy of an email he sent, as the Chief Executive Officer of Keur Hadim, to the Chief Executive Officer of the defendant complaining about what happened to the shipping container (ECF 1, at 3-4); (2) attached to the complaint is an excerpt of a submission filed in litigation brought by Keur Hadim against the defendant in a Georgia state court, in which it is stated that the Georgia state-court case "arises because of a dispute about fees associated with Keur Hadim['s] . . . efforts to ship a container from Dakar, Senegal[,] to Savannah, Georgia, as part of a longer transit to Atlanta, Georgia" (*id.* at 5); (3) the same excerpt also notes that the Georgia state court "granted an unopposed motion to add [Plaintiff] as a party-Plaintiff [in that state court action]" and that "the contract for shipment was between the two entity parties, and not [Plaintiff]" (*id.*); (4) another Georgia state-court submission excerpt that is attached to the complaint states that "Keur Hadim contractually agreed to bring any suit related to this shipment in a competent court in Hamburg in the Republic of Germany" (*id.* at 18); (5) still another Georgia state-court submission excerpt attachment states that "Hamburg courts within the Republic of Germany are likely a more accessible forum than the forum from which Keur Hadim shipped its goods, the Republic of Senegal" (*id.* at 20); (6) an incomplete notice of appearance form attached to the complaint lists, in its caption, Plaintiff's name and then, in parenthesis, Keur Hadim, as if Plaintiff and Keur Hadim are one entity (*id.* at 28).

4

Plaintiff does not allege that he is an attorney, and he alleges that Keur Hadim is a corporation, not a sole proprietorship. Thus, to the extent that Plaintiff asserts claims *pro se* on behalf his corporation, Keur Hadim, the Court dismisses this action without prejudice. In light of Plaintiff's *pro se* status, however, the Court grants Plaintiff leave to amend his complaint to allege facts showing that he is asserting claims on his own behalf and not on behalf of another entity, including his corporation, Keur Hadim.

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. Federal district courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011). Indeed, the United States Court of Appeals for the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts sufficient to state a valid claim against the defendant, the Court grants Plaintiff 30 days' leave to replead his claims in an amended complaint, as specified above.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter a civil judgment dismissing this action without prejudice.

## CONCLUSION

The Court dismisses this action without prejudice; the Court specifically dismisses without prejudice Plaintiff's claims that he asserts *pro se* on behalf of Keur Hadim. The Court, however, grants Plaintiff 30 days' leave to replead his claims in an amended complaint, as specified above.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter a civil judgment dismissing this action without prejudice.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:     January 6, 2026
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                     Chief United States District Judge